UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-CV-403 |
| | ) |
| FORT WAYNE POLICE DEPARTMENT, | ) |
| OFFICER CLINE, UNKNOWN OFFICER, | ) |
| UNKNOWN SERGEANT, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on *pro se* Plaintiff Anthony Martin's Motions to Amend the Complaint. (Docket # 8, 9, 11.) In his original Complaint, Martin brings Fourth Amendment claims of illegal search, excessive force, and failure to intervene, Eighth and Fourteenth Amendment claims described as malicious prosecution, false arrest, and cruel and unusual punishment, and state law harassment, retaliation, and defamation claims against the current Defendants arising out of a search and his subsequent arrest on July 14, 2010.

In his Motions to Amend, Martin seeks to add as Defendants the City of Fort Wayne, Mayor Tom Henry, Chief of Police Rusty York, the State of Indiana, Judge Marcia Linsky, Judge Robert Ross, and prosecutor Karen Richards. Martin's proposed amended complaint brings both federal and state law claims against the City of Fort Wayne, Mayor Henry, and Chief York, but only state law claims against the State of Indiana, Judges Linsky and Ross, and

1

Richards.[1]  For the following reasons, one Motion to Amend (Docket # 8) will be GRANTED IN PART and DENIED IN PART, one Motion (Docket # 11) will be GRANTED, and the remaining Motion (Docket # 9) will be DENIED.

## II.  DISCUSSION

Defendants filed their Answer on November 30, 2011 (Docket # 6), and Martin filed his Motions to Amend on December 5, 2011 (Docket # 8, 9, 11).  Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days after service of a required responsive pleading.  FED. R. CIV. P. 15(a)(1)(B).  Accordingly, Martin is entitled to amend "as a matter of course" unless it would amount to a futility.  *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008).  Thus, "[a] district court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss." *Id.* (citations omitted).  In the interests of judicial economy, the district court should "scrutinize the amended complaint" and "determine its viability" to decide "whether filing it would be an exercise in futility." *Id.* (internal citation omitted).  Therefore, the Court will examine the claims against each proposed additional defendant for futility.

### A. *The City of Fort Wayne, Mayor Henry, and Chief York Will Be Added*

Martin seeks to add the City of Fort Wayne, Mayor Henry, and Chief York to his 42 U.S.C. § 1983 claims under a theory of municipal liability pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  (Docket # 8.)  As a municipality may be held liable under § 1983 for constitutional violations caused by its own policy or custom, *Jenkins v. Bartlett*,

---

[1] Martin failed to comply with Local Rule 15-1 because he did not attach to any of his filings a proposed Amended Complaint.  Martin's failure, however, is not fatal under the provisions of that Rule.

2

487 F.3d 482, 492 (7th Cir. 2007), and since Martin alleges a policy or practice was at work here, at least concerning the stopping of his vehicle and arrest, the City of Fort Wayne will be added as a Defendant.[2]

Martin, however, also seeks to add Mayor Henry and Chief York in their official capacities, but their addition would be duplicative of the claim against the City of Fort Wayne. *See, e.g.*, *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Accordingly, that part of Martin's Motion (Docket # 8) will be DENIED.

To the extent Martin wishes to add Mayor Henry and Chief York in their individual capacities, he must allege, under 42 U.S.C. § 1983, that they were personally involved in his constitutional deprivation, *see Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009); yet he has failed to do so. Nonetheless, however, supervisors may be personally liable for the acts of their subordinates if they know about the conduct and facilitate it, approve it, condone it, or turn a blind eye to it, *Backes v. Vill. of Peoria Heights, Ill.*, 662 F.3d 866, 870 (7th Cir. 2011); *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988), and this seems to be what Martin alleges. Indeed the attorney for the current Defendants does not object, and because a *pro se* Complaint must be read liberally, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), the Court will permit Martin to add Mayor Henry and Chief York as Defendants in their individual capacities as supervisors.

Besides a *Monell* claim, Martin also moves to add state malicious prosecution and false arrest claims against the original Defendants and various state law claims against the City of Fort Wayne, Mayor Henry, and Chief York. (Docket # 11.) Although Mayor Henry and Chief York

---

[2]At the hearing held on January 19, 2012, Martin alleged Fort Wayne police officers have stopped him thirty-two times for traffic violations in the span of two months. (*See* Docket # 15.)

were likely at all times acting within the scope of their employment, which would bar an action against them personally, *see* IND. CODE § 34-13-3-5(b), the Defendants have not objected, and thus Martin will be granted leave to add these claims against the City of Fort Wayne, Mayor Henry, and Chief York as well as the new state law claims against the original Defendants.

### B. The Fort Wayne Police Department Will Be Dropped

In his original Complaint, Martin sues the Fort Wayne Police Department (FWPD). "However, a city's police department is not a suable entity apart from the municipality." *Id.*; *see Sow*, 636 F.3d at 300 (articulating that Indiana municipal police departments lack the capacity to be sued); *Vela v. Indianapolis Police Dep't*, No. 1:06-cv-1481-SEB-JMS, 2008 WL 191977, at *4 (S.D. Ind. Jan. 22, 2008) (collecting cases); *Culbreath v. Florea*, No. 3:06-CV-0749 WL, 2007 WL 433075, at *2 (N.D. Ind. Feb. 5, 2007) ("[U]nder Indiana law, a 'police department' has no separate corporate existence and is therefore not a suable entity."). Therefore, because the City of Fort Wayne will be added as a Defendant, the FWPD will be dropped.

### C. The State of Indiana, Judges Linsky and Ross, and Richards Will Not Be Added

Next, Martin seeks to add, and solely on state law claims, the State of Indiana, Judges Linsky and Ross, and Prosecuting Attorney Richards as Defendants. (Docket # 9.) In particular, Martin complains about the judges' actions in either denying or imposing bail, or at trial, and contends that, along with Richards, they prosecuted him knowing he was not guilty. The Court will DENY this Motion to Amend (Docket # 9) for several reasons.

First, pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), "a district court must 'question' and 'reject' any complaint that contains unrelated claims against separate defendants," *Frohwerk v. Unknown Officials of WCU*, No. 2:11-CV-210, 2011 WL 2534064, at

4

*2 (N.D. Ind. June 27, 2011) (quoting *George*, 507 F.3d at 607). Accordingly, "[u]nrelated claims against different defendants belong in different suits . . . ." *George*, 507 F.3d at 607. Moreover, under Rule 20(a)(2), dealing with permissive joinder of defendants, a "buckshot complaint," like a "suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions," should be rejected. *Id.* (construing FED R. CIV. P. 20(a)). When a plaintiff seeks to amend the complaint to add unrelated claims against new defendants, the Court may properly disallow the plaintiff from doing so and require the plaintiff to bring the unrelated claim in a freestanding suit. *See Brooks v. Wilson*, 3:07-CV-0278 PS, 2008 WL 1774959, at *2 (N.D. Ind. Apr. 14, 2008).

Here, Martin moves to add essentially state malicious prosecution claims against the State of Indiana, Judges Linsky and Ross, and Richards. These allegations apparently arise from two trials that are separate both factually and temporally from Martin's allegations concerning an illegal search and arrest that form the basis for his original federal and state law claims against the City of Fort Wayne and various police officers. Accordingly, since unrelated claims against different parties belong, in this context, in different suits, *George*, 507 F.3d at 607, the Court will deny Martin's motion to add these unrelated claims.

Moreover, the effort to add the state law claims against Judges Linsky and Ross and Richards appears futile from the outset as they would all enjoy absolute immunity. Courts have frequently granted 12(b)(6) motions to dismiss—an applicable standard of futility on a motion to amend—on the basis of judicial or prosecutorial immunity. *See Rangel v. Reynolds*, No. 4:07-CV-20 AS, 2007 WL 1100792, at *1-3 (N.D. Ind. Apr. 12, 2007) (dismissing under Fed. R. Civ.

5

P. 12(b)(6) on basis of judicial immunity); *Newman v. Deiter*, 702 N.E.2d 1093, 1098 (Ind. Ct. App. 1998) (affirming dismissal under Ind. T. R. 12(b)(6) on basis of judicial immunity); *Clifford v. Marion Cnty. Prosecuting Attorney*, 654 N.E.2d 805, 811 (Ind. Ct. App. 1995) (affirming dismissal under Ind. T. R. 12(b)(6) on basis of prosecutorial immunity).

In Indiana, "judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction." *Newman*, 702 N.E.2d at 1098. Moreover, judges will not be held liable for acts performed in excess of their jurisdiction or which are alleged to have been done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Newman*, 702 N.E.2d at 1098. Rather, judges will be subject to liability only when they have acted in the clear absence of all jurisdiction. *Newman*, 702 N.E.2d at 1098. Consequently, even accepting Martin's allegations as true, Judges Linsky and Ross would still be entitled to immunity, a point Martin seemed to acknowledge at the January 19, 2012, hearing, especially since he does not (and cannot) allege they acted in clear absence of all jurisdiction. Thus, allowing Martin to add the judges as Defendants would be futile.

As to Richards, "prosecutors enjoy absolute immunity when performing tasks that are 'intimately associated with the judicial phase of the criminal process'" or when acting as an advocate for the state, including the preparation and initiation of judicial proceedings, even if they act maliciously, unreasonably, or without probable cause. *Westbrook v. State of Indiana*, No. 3:10-CV-526, 2011 WL 4361571, at *3-4 (N.D. Ind. Aug. 11, 2001) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)). In Indiana, prosecutors are immune as long as they are acting within the scope of their authority. *Woods v. New Albany Police Dep't*, No. 4:10-cv-

00002-RLY-WGH, 2010 WL 3398938, at *5 (S.D. Ind. Aug. 25, 2010); *accord Hupp v. Hill*, 576 N.E.2d 1320, 1325 (Ind. Ct. App. 1991); *see also* IND. CODE § 34-13-3-3(6) (stating that government employees acting within the scope of their employment are not liable for losses resulting from the initiation of judicial proceedings). Thus, based on Martin's minimal and vague allegations against her, Richards would be immune from liability because her prosecution of Martin was intimately associated with the judicial phase of the criminal process and involved initiating judicial proceedings. *Westbrook*, 2011 WL 4361571, at *3. Moreover, Martin fails to allege that Richards was acting outside the scope of her authority. *Woods*, 2010 WL 3398938, at *5. As Richards would be absolutely immune from suit, allowing Martin to add her as a Defendant would be futile.

Martin's claim against the State of Indiana is unclear, but he seems to be arguing that the State should be held liable for the actions of the judges and Richards. As for the judges, due to the independent nature of the judiciary, the State of Indiana has no supervisory power over their decisions in judicial proceedings, thereby making the State immune from liability and the addition of the State as a Defendant futile. *See Martin v. Heffelfinger*, 744 N.E.2d 555, 560 (Ind. Ct. App. 2001) (affirming trial court's grant of State's motion to dismiss for failure to state a claim on basis of immunity). Moreover, because Martin seeks to bring what essentially amounts to malicious prosecution claims against the State of Indiana, the judges, and Richards, the State would be immune from liability under Indiana law. *See Leathem v. City of LaPorte*, No. 3:07-CV-220 PPS, 2009 WL 523121, at *8 (N.D. Ind. Feb. 27, 2009); *Livingston v. Consol. City of Indianapolis*, 398 N.E.2d 1302, 1305 (Ind. Ct. App. 1979) ("[T]he legislature fully intended to extend immunity to the State of Indiana and other political subdivisions . . . in actions for

7

malicious prosecution."). Therefore, adding the State of Indiana would be futile as well.

## III. CONCLUSION

For the foregoing reasons, Martin's Motion to Amend (Docket # 8) is GRANTED IN PART and DENIED IN PART. The part of this Motion adding the City of Fort Wayne on a *Monell* claim and Mayor Henry and Chief York in their individual capacities as supervisors is GRANTED, while the part of the Motion seeking to add Mayor Henry and Chief York in their official capacities is DENIED. The FWPD is hereby dropped as a Defendant. The Motion to Amend to add state law claims against all the original Defendants and adding the City of Fort Wayne, Mayor Henry, and Chief York as Defendants on state law claims (Docket # 11) is GRANTED. The Motion to Amend seeking to add the State of Indiana, Judges Linsky and Ross, and Richards as Defendants (Docket # 9) is DENIED.

SO ORDERED.

Entered this 26th day of January, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge