UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-403 |
| | ) | |
| FORT WAYNE POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion to reconsider (Docket # 58) filed by *pro se* Plaintiff Anthony Martin, requesting that the Court reconsider its Opinion and Order dated September 24, 2012 (the "Order") (Docket # 57), denying his untimely motion to amend his complaint to add equal protection and due process claims. For the following reasons, Martin's motion will be DENIED.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70.

In the Order, the Court observed that Martin made no attempt to explain why he filed his motion to amend more than four months after the deadline to amend his complaint. It further

noted that all of the events Martin cited in his motion occurred well before the deadline to amend and thus there was no apparent reason why the equal protection and due process claims (and the purported facts supporting such claims) could not have been advanced prior to the deadline. Accordingly, the Court found that Martin failed to establish "good cause" for the untimely amendment.

In the instant motion for reconsideration, Martin merely rehashes the same issues he described in the motion to amend, still not explaining why he filed the motion to amend more than four months after the deadline. Again all of the events he describes in the motion for reconsideration occurred well before the deadline to amend the pleadings—in fact, they allegedly transpired from 1993 to 2008—and thus there is no apparent reason why the equal protection and due process claims could not have been advanced prior to that deadline. As a result, he comes no closer to satisfying the "good cause" requirement of Federal Rule of Civil Procedure 16(b). And, in any event, "[r]econsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269-70.

Moreover, as explained in the Order, the addition of these claims would likely require more discovery, perhaps much more discovery, but the Court has already extended discovery and, in doing so, cautioned Martin that no further extensions would be granted. (Docket # 52.) In fact, Martin waited to nearly the eve of the close of discovery to file his motion to reconsider. In short, "pro se litigants are not excused from compliance with procedural rules." (Order 2 (quoting *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)).) Particularly here, where, as the Court emphasized in the Order, Martin is an experienced *pro se* litigator,

prosecuting more than fifteen cases in this Court on a *pro se* basis. (Order 2 (collecting cases).)

In short, no "manifest error of law or fact" was committed in denying Martin's untimely motion to amend. *Caisse Nationale*, 90 F.3d at 1269. Accordingly, upon reconsideration the Court's original determination will remain undisturbed, and Martin's motion to reconsider (Docket # 58) is DENIED.

SO ORDERED.

Enter for October 19, 2012.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge