UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:11-CV-403 |
| | ) |
| FORT WAYNE POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants, | ) |

## OPINION AND ORDER

This matter is before the Court on the "Federal Rules of Civil Proced. 60(a), (b) Mistake, Inadvertence, Newly Discovered Evidence, "Excusable Neglect," or Good Cause," filed by pro se Plaintiff, Anthony C. Martin, on January 17, 2013 (DE #80). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Plaintiff filed his First Request for Admissions on October 19, 2012, and his Third Request for Discovery on October 22, 2012. The discovery deadline was originally set in this case for August 20, 2012. On August 17, 2012, the Court extended the discovery deadline to October 22, 2012 (at Plaintiff's request), and cautioned the parties that no further extensions would be granted. In that same order, Magistrate Judge Roger B. Cosbey specifically

reminded the parties that "[s]ince October 22, 2012, [was] the deadline for the completion of discovery, any discovery should be initiated at the latest, 30 days before that date." (DE #52.) Despite that admonition, Plaintiff served his first request for admissions 3 days before the discovery cutoff and his third request for discovery on the same day as the discovery cutoff.

Defendants moved to strike Plaintiff's first request for admissions and third request for discovery as untimely (DE #65), and the Court, in a detailed and well-reasoned opinion, granted the motion to strike. (*See* DE #75.) Magistrate Judge Cosbey did not find good cause for the late filings, finding that Plaintiff's busy pro se litigation schedule did not constitute good cause, nor are pro se litigants exempt from the general procedural rules. *Id.*

Plaintiff now files the instant motion under Federal Rules of Civil Procedure 60(a) and (b), claiming he misunderstood the time line, and he "was under the impression that as long as he had made the deadline in Oct. 22, 2012, the defendants [were] obligated [to respond to discovery]." (DE #80, p. 3.)

DISCUSSION

Federal Rule of Civil Procedure 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Such a mistake or error

needs to be one made by the Court, and found in an order. This rule does not excuse mistakes made by a pro se party in calculating the time in which to serve discovery. Judge Cosbey specifically warned Martin that "[s]ince October 22, 2012, [was] the deadline for the completion of discovery, any discovery should be initiated at the latest, 30 days before that date." (DE #52); *see Shadle v. First Fin. Bank, N.A.*, No. 1:09-cv-37, 2009 WL 3787006, at *2 (N.D. Ind. Nov. 10, 2009) (citing several cases from this circuit holding that defendants had no obligation to answer discovery from pro se plaintiff on the eve of deadline, and concluding even pro se plaintiffs should have known that they need to serve discovery requests at least thirty days prior to the close of discovery). Thus, there is no "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," from which this Court can grant relief. Fed. R. Civ. P. 60(a). Martin had nine months to conduct discovery, which was ample time in this case.

Rule 60(b)(1) states the Court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Again, there is no excusable neglect or mistake present here. Judge Cosbey granted one extension of the discovery deadline, and reminded the parties when discovery must be served. Martin missed that deadline. Judge Cosbey then issued a thoughtful and thorough opinion granting Defendants' motion to strike the untimely

3

discovery, and this Court concurs which his reasoning in that opinion. Rule 60 is not a vehicle to resurrect untimely discovery.

CONCLUSION

For the aforementioned reasons, the "Federal Rules of Civil Proced. 60(a), (b) Mistake, Inadvertence, Newly Discovered Evidence, "Excusable Neglect," or Good Cause," filed by pro se Plaintiff, Anthony C. Martin, (DE #80), is **DENIED**.


**DATED: February 20, 2013**          **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**