# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

ANTHONY C. MARTIN,      )
                       )
        Plaintiff,      )
                       )
      vs.            )     Case No. 1:11-CV-403
                       )
FORT WAYNE POLICE      )
DEPARTMENT, et al.,     )
                       )
        Defendants,     )

## OPINION AND ORDER

This matter is before the Court on the: (1) "Defendants' Motion for Summary Judgment and Designation of Evidence," filed by Defendants, on May 15, 2013 (DE #87); (2) "Plaintiff's Motion to Strike Defendants Summary Judgment and Affidavits Rule 12(f) of the F.R.C.P.," filed by pro se Plaintiff, Anthony C. Martin, on June 13, 2013 (DE #92); and (3) "Defendants' Motion to Strike Portions of Anthony C. Martin's Affidavit," filed by Defendants on June 26, 2013 (DE #94). For the reasons set forth below, the Motion for Summary Judgment (DE #87) is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is **GRANTED** in favor of Defendants on the following claims: alleged violation of First Amendment rights; failure to intervene; alleged unlawful search of the vehicle; alleged illegal search of Martin's person; unlawful detainment, false imprisonment, and malicious prosecution; alleged violation of Eighth Amendment

rights; alleged violation of Fourteenth Amendment rights; the 1983 claim against Defendant the City of Fort Wayne; the claims against Defendant Fort Wayne Police Chief Russell York and Defendant City of Fort Wayne Mayor Tom Henry; the claims against unknown officers; the claim for punitive damages; and the state law claims. Summary judgment is **DENIED** as to Plaintiff's claim of excessive force in violation of his Fourth Amendment Rights and that claim remains pending against Defendant Officer Matthew Cline.

Plaintiff's Motion to Strike Defendants Summary Judgment and Affidavits (DE #92) is **DENIED**. Defendants' Motion to Strike Portions of Martin's Affidavit (DE #94) is **also DENIED**.


BACKGROUND

On February 22, 2011, pro se Plaintiff, Anthony C. Martin ("Martin"), filed a complaint in the Allen Superior Court. (DE #1). Defendants removed the action to this Court on November 23, 2011, pursuant to 28 U.S.C. §§ 1441 and 1446, claiming this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Later, this Court granted in part and denied in part a motion to amend the complaint. (DE #18.) The current Defendants to this action are the City of Fort Wayne, Officer Matthew Cline, Unknown Officer, Unknown Sergeant, Mayor Tom Henry, and Police Chief

Russell York (collectively "Defendants").[1]  Martin alleges that on

July 14, 2010, Defendants violated his First, Fourth, Eighth, and

Fourteenth Amendment rights.   He alleges they subjected him to

excessive force, an unlawful search of his person and vehicle, a

seizure, malicious prosecution, false imprisonment, and cruel and

unusual punishment.   Additionally, Martin alleges state claims for

harassment, vindictive behavior, retaliation or retaliatory

behavior, negligence, defamation, mental stress, mental anguish,

and non-professional behavior.   Significant motion practice ensued

during discovery disputes in this case.

Defendants filed the instant Motion for Summary Judgment on

May 15, 2013 (DE #87) contending they are entitled to summary

judgment on all claims in the amended complaint.   Additionally,

they filed the requisite notice of summary judgment filing because

Plaintiff is pro se.   (DE #89.)   Martin filed a response in

opposition to the motion for summary judgment on June 12, 2013 (DE

#90), and Defendants filed a reply on June 26, 2013 (DE #93).

Thus, the motion for summary judgment is fully briefed and ready

for adjudication.

Additionally, there are two other outstanding related motions.

On June 13, 2013, Martin filed a Motion to Strike Defendants

Summary Judgment and Affidavits, arguing the summary judgment

---

[1] Martin filed several other motions to amend/correct his
pro se complaint, but they were denied by Magistrate Judge Roger
B. Cosbey. (*See* DE ##57, 81.)

motion is "vague, untimely and considerate an ambush to plaintiff."
(DE #92, p. 1.)  On June 26, 2013, Defendants filed a motion to
strike portions of Anthony C. Martin's Affidavit, arguing his
affidavit contains inadmissible evidence.  (DE #94.)  Both of these
motions are also ready for adjudication.


DISCUSSION

Plaintiff's Motion to Strike Defendants Summary Judgment and
Affidavits

Martin has filed a motion to strike the summary judgment
motion and related affidavits filed by Defendants (DE #92).
According to the caption, Martin brings this motion pursuant to
Federal Rule of Civil Procedure Rule 12(f).

Rule 12(f) provides that a district court "may strike from a
pleading an insufficient defense or any redundant, immaterial,
impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).
However, a summary judgment motion is not a pleading, and bringing
a motion to strike the motion for summary judgment under Rule 12(f)
is procedurally improper.  *See* Fed. R. Civ. P. 7(a) (defining
pleadings finitely with a list that does not include motions).
Furthermore, a motion to strike under Rule 12(f) is untimely at
this stage in the proceedings.  *See* Fed. R. Civ. P. 12(f)(2) (party
may move to strike "within 21 days after being served with the
pleading" if a response is not allowed).  Although entitled to some
procedural protections, including liberal construal of documents,

even pro se litigants must comply with procedural rules. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). Thus, Martin's motion fails on procedural grounds.

Martin's motion to strike also fails on substantive grounds. As to the summary judgment motion itself, Martin refers to it as "'vague', untimely, and considerate (sic) an 'ambush' to plaintiff." (DE #92 at 1.) Martin does not expand upon the alleged vagueness of the motion. However, he does assert that the "suppository and non-suppository motions" deadline was February 22, 2013, and he laments that Defendants waited until the day of the deadline to file their motion. (*Id.*) The Court can only assume that Martin is referring to the dispositive motion deadline, which was set by this Court on April 9, 2013, via an oral order and indicates that "any and all Dispositive and/or Daubert Motions are to be filed on or before 5/15/2013." (*See* DE #98.) Defendants filed their motion for summary judgment on May 15, 2013, and, therefore, it is considered timely.[2] Martin's argument is without merit.

Plaintiff also argues that the affidavits of Officer Cline and Sergeant Burton should be stricken because "defendants never mentioned officer Klein or sergeant Burton name in plaintiff's

---

[2] Martin points out that Magistrate Judge Cosbey granted Defendants' motion to strike Martin's discovery requests because those requests were not initiated thirty days before the discovery deadline as directed; however, discovery deadlines and dispositive motion deadlines are not the same, and there is no question that any dispositive motions filed on or before May 15, 2013, are considered timely by this Court. (*See* DE #75.)

discovery request, nor tried to amend their names to the official record," and so the affidavits are improper as "newly discovered evidence." (DE #92, p. 2.) However, Defendants point out that in response to plaintiff's first request for production of documents, Defendants provided copies of Officer Matthew Cline, Officer David Klein, and Sergeant Hollis Burton's narrative reports pertaining to the July 13, 2010 traffic stop at issue. (DE #30.) Further, in response to Plaintiff's second request for production of documents, Defendants provided a copy of Sergeant Burton's affidavit for probable cause and copies of Officer Cline, Officer Klein, and Sergeant Burton's Daily Activity Reports from July 13, 2010. (DE #53.) Additionally, Defendants' answers to Plaintiff's first set of interrogatories numbers one and two mention Officer Cline, Officer Klein, and Sergeant Burton. (DE #55.) As such, Plaintiff was clearly on notice as to the identity and relevance of Officer Cline and Sergeant Burton. Finally, to the extent Plaintiff argues the affidavits are "vague, coerced, and unrealistic" (DE #92, p. 2), because a Sergeant Bubb allegedly advised Martin that an in-car camera video from Officer Cline was available, but cannot be found, this statement is unsupported hearsay and has no bearing on the admissibility of Officer Cline's affidavit (which makes no mention of any alleged video). (DE #87-1.) For these substantive reasons in addition to the procedural ones, Martin's motion to strike is **DENIED** in its entirety.

<u>Defendants' Motion to Strike Portions of Anthony C. Martin's</u>
<u>Affidavit</u>

Defendants filed a motion to strike paragraphs 2-10 of Plaintiff's affidavit. It is noteworthy that Martin is a pro se plaintiff. However, his pro se status does not relieve him from complying with the procedural rules associated with summary judgment. *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (requiring pro se plaintiff to strictly comply with Northern District of Illinois Local Rule 56.1); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (explaining that pro se litigants must still comply with procedural rules). Pursuant to Rule 56 and Local Rule 56-1, Plaintiff was given notice of the filing of summary judgment, which cited, *inter alia*, the requirement that:

> An affidavit of declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4) (quoted in the Notice of Summary-Judgment Motion, DE #89.) Therefore, the following statements should be disregarded: (1) conclusory allegations lacking supporting evidence; (2) legal argument; (3) self-serving statements without factual support in the record; (4) inferences or opinions not grounded in observation or other first-hand experience; and (5) mere speculation or conjecture. *Heltzel v. Dutchmen Mfg., Inc.*, No. 3:06-CV-0227 WCL, 2007 WL 4556735, at *4 (N.D. Ind. Dec. 20,

2007) (citations omitted).

In this case, Defendants argue that the Court should strike paragraphs 2 through 10 of Plaintiff's affidavit, contending it sets forth inadmissible hearsay, vague and speculative statements, and legal conclusions. (DE #95.) The remedy requested by Defendants, which asks the Court to strike every paragraph except the introductory paragraph in Plaintiff's affidavit, is overly broad. Some of the material in the affidavit is proper. For example (and these are just some of the admissible statements his affidavit for illustrative purposes), Martin certainly may attest that only July 13, 2010, he was driving an all-white Nissan (DE #90, p. 25, ¶ 2), that he and the car were searched (*Id.* ¶ 4), and that he was tased by Officer Cline (*Id.* ¶ 5).

Additionally, with respect to the alleged hearsay objections, the Court notes that in ruling on a motion for summary judgment, the Court considers only evidence that would be admissible at trial. *See Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). The Court is able to sift through the evidence and to consider each piece under the applicable federal rules, thus there is no need to strike all of Martin's affidavit. Accordingly, the Court denies Defendants' motion to strike paragraphs 2-10 of Martin's affidavit as overly broad and unnecessary.

Summary Judgment

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil

8

Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant.  *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.  *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).  "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that

*might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.


Undisputed Facts

Defendant, Officer Matthew Cline, was a police officer for the City of Fort Wayne, and was on duty on July 13, 2010. (Cline Aff., DE #87-1, ¶¶ 2-3.) On that day, he was dressed in uniform and driving a marked police vehicle. (*Id.* ¶ 3.)

Officer Cline responded to the intersection of Columbia Avenue

and Crescent Avenue to assist Sergeant Hollis Burton (also of the Fort Wayne Police Department) with a traffic stop. (*Id.* ¶ 4.) Sergeant Burton had stopped a vehicle for speeding. *Id.* Sgt. Burton requested a squad car with a prisoner cage to transport a male subject. *Id.* Sgt. Burton told Officer Cline that the male subject had assaulted police officers in the past. *Id.*

When Officer Cline arrived at the traffic stop, Officer David Klein of the Fort Wayne Police Department was speaking with Sgt. Burton. (*Id.* ¶ 5.) Officer Cline was advised that the driver of the vehicle stopped by Sgt. Burton was driving while suspended/misdemeanor. *Id.*

Officer Klein and Officer Cline approached the vehicle on the driver's side. (*Id.* ¶ 6.) Officer Klein advised the male subject (later identified as Anthony Martin), to exit the vehicle and put his hands behind his back because he was going to be arrested. *Id.* Martin hesitated and looked upset. *Id.* He was argumentative. *Id.* Martin exited the vehicle. *Id.* Officer Cline drew his electronic control device (Taser) and pointed it at Martin's upper thigh area to cover Officer Klein who was preparing to handcuff Martin. *Id.* Officer Cline handed Officer Klein his handcuffs to place on Martin because Officer Klein was going to transport Martin to the Allen County Justice Center. *Id.*

Officer Klein handcuffed Martin. (Cline Aff., ¶ 7.) Officer Klein and Officer Cline patted down Martin's person to check for

weapons for the officers' safety. *Id.* Martin was argumentative and claimed that his driver's license was not suspended. (*Id.* ¶ 8.) Officer Cline placed Martin in the rear of his police squad car. (*Id.* ¶ 9.) Officer Cline transported Martin to the Allen County Justice Center without incident. *Id.* During the transport, Martin was verbally upset. *Id.*

Upon arrival at the Allen County Justice Center, Officer Cline transferred custody of Martin to the Allen County Justice Center lock-up staff. (*Id.* ¶ 10.) Martin was charged with driving while suspended/misdemeanor. *Id.* As Officer Cline was leaving the Allen County Justice Center, Martin stated he was going to show the judge tomorrow that his license was not suspended and then file a lawsuit. *Id.*

Officer Cline states in his affidavit that he did not use his electronic control device on Anthony Martin. (*Id.* ¶ 11.) Officer Cline claims he did not use any force whatsoever against Martin. *Id.* In contrast, Martin's affidavit states that Officer Cline tased him on July 13, 2010. (Martin Aff. ¶ 5.) Officer Cline also states in his affidavit that he did not search the vehicle that Martin was driving. (Cline Aff. ¶ 11.) Martin states in his affidavit that his car was searched by the Officers. (Martin Aff. ¶ 4.) According to Officer Cline, he had no contact whatsoever with Martin or his vehicle or property on July 14, 2010. (*Id.* ¶ 12.)

Defendants also submitted an Affidavit for Probable Cause by Sergeant Hollis Burton. (DE #87-2.) It states that at approximately 1738 on July 13, 2010, Sgt. Burton was operating the stationary radar in the 800 block of Columbia Avenue when he saw a white Nissan traveling at a high rate of speed and passing several cars on the right. *Id.* Sgt. Burton was able to obtain the speed of the vehicle locked in at 45 miles per hour in a 30 miles per hour zone. *Id.* A traffic stop was initiated and contact was made with the driver who was identified as Anthony C. Martin by his Indiana Driver's license. *Id.* A check of Martin's driving status through the Indiana Bureau of Motor Vehicles showed him to be driving while suspended (misdemeanor). *Id.* Martin was taken into custody and transported to Allen County Lock-up for the offense. *Id.*

Martin testified in his deposition that at the time of the incident he was driving a white Nissan. (Martin Dep., DE #87-3, p. 21.) Amanda Delagrange owned the white Nissan. *Id.*


First Amendment Rights

The amended complaint alleges that Defendants violated Plaintiff's first amendment rights by "searching the vehicle plaintiff/petitioner was driving on or about July 14, 2010 without probable cause." (DE #11, p. 1.) Additionally, in his response memorandum, Martin claims Defendants violated his First Amendment

rights by denying him "the right of the 'people' to be free, peaceably, and the right to petition the government for a 'Redress of Grievances', or right to be heard." (DE #90, p. 8.) The First Amendment provides for religious and political freedom as well as freedom of speech. U.S. Const. Amend. I. Plaintiff has presented absolutely no admissible evidence to support this claim, and summary judgment is warranted as there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law.


Fourth Amendment Rights - Excessive Force

Martin also alleges Defendants violated his Fourth Amendment Rights by using excessive force. Martin states, under penalty of perjury, that he was "tazed by officer Cline." (Martin Aff. ¶ 5.) In contrast, Officer Cline attests that, "Anthony Martin was argumentative" and he "drew [his] electronic control device (Taser) and pointed it at Anthony Martin's upper thigh area to cover Officer Klein who was preparing to handcuff Anthony Martin" but Officer Cline "did not use [his] electronic control device on Anthony Martin" and Officer Cline did not search the vehicle that Martin was driving. (Cline Aff. ¶¶ 6, 11.) A claim of "excessive force in the course of an arrest . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 388 (1989). This analysis gives

rise to the overall question of "whether [the officer's] actions were objectively reasonable." *Scott v. Harris*, 550 U.S. 372, 381 (2007).  Answering this inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.  In determining whether an officer's actions were objectively reasonable under the circumstances, the Court should view the matter "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*  Thus, an officer's use of force is unconstitutional if, "judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003) (quoting *Lester v. City of Chicago*, 830 F.2d 706, 713 (7th Cir. 1987)).

The Court notes that such a determination of whether force was reasonable "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, [therefore] we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Drummond ex rel Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (citation omitted).  In analyzing this

case under the *Graham* factors, the Court notes that there are "two very different stories" here. *See Martin v. Fort Wayne Police Dep't*, No. 1:09-CV-74-TLS, 2011 WL 781383, at *8 (Feb. 28, 2011) (denying summary judgment in a case involving same plaintiff where Court could not resolve "factual disputes at the summary judgment stage."). Martin attests that Officer Cline tased him. Officer Cline attests that Martin looked upset and was argumentative, but that he only placed his taser on his thigh preemptively, and never activated the taser. There is no other admissible evidence whatsoever presented to the Court on this subject. This Court must avoid "the temptation to decide which party's version of the facts is more likely true." *Payne*, 337 F.3d at 880 *(citing Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999). "Summary judgment cannot be used to resolve swearing contests between litigants." *Id.*

It is certainly possible that, were the jury to believe Martin that he was tased, such act of being tased could potentially constitute excessive force. *See, e.g, Cyrus v. Town of Mukwonago*, 624 F.3d 856, 863 (7th Cir. 2010) (finding summary judgment inappropriate where jury could conclude use of force excessive in light of *Graham* factors). On the other hand, depending upon the totality of the circumstances, for example, if Martin was resisting arrest or endangering the safety of the officer (and there is no evidence of anything like this in the record at this time), the use

of force could be justified. *See Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009) (use of a taser is not per se unconstitutional force). Defendants cling to their argument that Officer Cline did not tase Martin - they do not argue that, even if Martin was tased, it was a justified use of force and did not constitute excessive force. And although Defendants claim that "[t]here is no evidence that any defendant officer used any type of force against Anthony Martin," (DE #88, p. 7), this is just not true - Martin has a sworn affidavit stating that Officer Cline tased him. This Court is in a frustrating position - it simply does not have enough information in front of it to decide if the alleged use of force was excessive. *See, e.g., Stanley v. City of Portage*, No. 2:08-cv-195, 2011 WL 830643, at *4 (N.D. Ind. Mar. 3, 2011) (summary judgment denied on excessive force claim where court could not tell, due to factual disputes, what the "facts and circumstances" were.)

While Defendants cite *Meyer v. Robinson*, 992 F.2d 734, 739 (7th Cir. 1993), and *Lanigan v. Village of East Hazel Crest*, 913 F. Supp. 1202, 1209 (N.D. Ill. 1996), for the proposition that "no injury gives weight to the assertion of no excessive force" (DE #93, p. 2), that line of cases is not applicable here. *Meyer* itself states that "excessive force does not require injury." *Meyer,* 992 F.3d at 739. Indeed, as the Supreme Court has said, "pain, not injury, is the barometer by which we measure claims of excessive force, and one need not have personally endured a taser

jolt to know the pain that must accompany it." *Lewis*, 581 F.3d at 475 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). This Court is unsure what physical evidence of injury Martin could have pointed to after the incident if he was in fact tased. *Meyer* and *Lanigan* might be helpful if Martin was alleging excessive force based upon physical injuries received if a police officer pushed him down or shoved him (leaving cuts or bruises or other physical evidence of injury), but those are not the allegations in this case. As such, because there is a material factual dispute, summary judgment is denied on the 4th amendment claim for excessive force against Defendant Officer Cline.


Qualified Immunity

Government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995) (citing *Marshall v. Allen*, 984 F.2d 787, 791 (7th Cir. 1993); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quotation omitted).

A 2-part test determines whether a government official such as

18

Officer Cline is entitled to qualified immunity in a civil suit under section 1983, and in this case, it makes sense to follow the *Saucier* procedure. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *see also Pearson v. Callahan*, 129 S.Ct. 808, 821-22 (2009). The threshold inquiry is whether, taken in the light most favorable to Plaintiff, "the facts alleged show the officer's conduct violated a constitutional right." *Saucier,* 533 U.S. at 201 (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). If the facts as alleged reveal no constitutional violation, the inquiry ends and the officer will prevail on the merits of the case. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding if there is no constitutional violation, there can be no liability on the part of the individual officer or the government body).

If, on the other hand, the facts alleged would amount to a constitutional violation (as they do in this case), the Court next examines "whether the right was clearly established." *Saucier*, 533 U.S. at 201. The rationale behind this is "[i]f the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* at 202 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "The relevant inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation the officer confronted." *Payne*, 337 F.3d at 775-76 (citing *Saucier*, 533 U.S.

at 202).  A plaintiff can defeat a qualified immunity defense by showing that "the conduct at issue is so egregious that no reasonable person could have believed that it would not violate clearly established rights." *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008) (quotation omitted).

At the time of Martin's arrest, "it was of course clearly established that a police officer may not use excessive force in arresting an individual." *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 687 (7th Cir. 2007); *see also Norris v. Bain*, 1:04-CV-1545 DFH TAB, 2006 WL 753131, at *14 (S.D. Ind. Mar. 21, 2006) ("[T]he Seventh Circuit [has] made clear that police officers do not have the right to inflict 'wholly gratuitous' force on a subdued suspect who was not resisting arrest.").  Taking Martin's account as true, that he was tased by Officer Cline, there is again a question of fact for the jury about whether Officer Cline could have reasonably believed that the alleged force he employed against Martin was justified.  *See Holmes*, 511 F.3d at 687.  There are many unanswered questions about Martin's conduct, whether he was resisting arrest, whether he was actually tased, and whether the alleged tasing was necessary to subdue Martin.  *See, e.g., Frazell v. Flanigan*, 102 F.3d 877, 884 (7th Cir. 1996) (*overruled on other grounds*) (jury could reasonably conclude that officer who struck subdued suspect in back with nightstick used objectively unreasonable force and was not entitled to qualified immunity).

In an analogous case in this circuit, the Court found:

> As explained above, the Court has before it evidentiary materials that call into dispute the facts put forward by the Defendants, and consequently genuine issues of material fact exist as to the alleged deprivations of the Plaintiff's Fourth Amendment right to be free from an unlawful search and seizure. The qualified immunity inquiry cannot be disentangled from the disputed facts concerning whether the Plaintiff was lawfully stopped and [his detainment]. . . . Viewing the facts in the light most favorable to the Plaintiff, who is the party asserting an injury, the Plaintiff's claims that the Defendants deprived him of constitutional rights are supported by evidence in the record. Consequently, the Court finds that the doctrine of qualified immunity does not warrant summary judgment in favor of the Defendants on the Plaintiff's [section] 1983 clams.

*Martin*, 2011 WL 781383, at *10. On the very limited record before this Court at this time, Officer Cline is not entitled to qualified immunity. *See White v. Gerardot*, No. 1:05-CV-382, 2007 WL 541819, at *7 (N.D. Ind. Feb. 15, 2007) (quotation omitted) ("[W]hen factual disputes surrounding the conduct at issue bear directly upon whether it was objectively reasonable for [the officer] to believe he acted in compliance with clearly established law, then summary judgment on the issue of qualified immunity must be denied.").

Failure To Intervene Claim

To the extent Martin alleges that Defendants failed to intervene, even assuming, *arguendo*, that Martin was able to prove

21

that he was tased, and even assuming, *arguendo*, that the tase constituted excessive force, Martin must still show other named officers had reason to know that Officer Cline was using excessive force and that they had a realistic opportunity to intervene. *Bond v. Simpson*, 1:10-cv-856-WTL-TAB, 2012 WL 266946, at *6 (S.D. Ind. Jan. 30, 2012). Martin has presented no evidence establishing these elements or evidence showing a material dispute of facts; therefore, summary judgment is warranted on this claim. (*Id.* at *7.)

Search of Martin's Vehicle

Once again, the Court has competing affidavits in front of it. Martin attests that Defendants unlawfully searched the Nissan he was driving. (Martin Aff. ¶¶ 2, 4.) In contrast, Officer Cline attests he did not search the vehicle Martin was driving. (Cline Aff. ¶ 11.) Again, there is no other admissible evidence before the Court on this subject.

Even assuming, *arguendo*, that Martin could prove at trial that he had a legitimate expectation of privacy in the vehicle despite not being the owner, his claim would still fail because the Officers had reasonable suspicion to justify the search based on the totality of circumstances. Police officers are permitted to take reasonable steps to insure their own safety. *United States v. Jackson*, 300 F.3d 740, 746 (7th Cir. 2002). "[T]he scope of a

legitimate Terry search may be extended to include areas within the immediate control and ready access of the detained suspect." *United States v. Rainone*, 586 F.2d 1132, 1136 (7th Cir. 1978). When an officer has a reasonable suspicion that a motorist may be armed and may be able to gain immediate control of a weapon, an officer is permitted to conduct a protective search of the passenger compartment of the vehicle without a warrant. *United States v. Arnold*, 388 F.3d 237, 239 (7th Cir. 2004).

Here, Officer Cline stated that, "Sergeant Burton told me that the male subject had assaulted police officers in the past." (Cline Aff. ¶ 4.) This is undisputed – Martin has put forth no contrary evidence. Additionally, it is uncontested that Martin "looked upset" and "was argumentative." *(Id.* ¶ 6.) Consequently, even if an officer searched the vehicle, it would have been reasonable to do so to insure the officers' safety, and summary judgment is warranted on this claim in favor of Defendants.


Search of Martin's Person

Martin alleges that the officers illegally conducted a search of his body. Officer Cline concedes that, "[w]e patted Anthony Martin's person down to check for weapons for officer safety." (Cline Aff. ¶ 7.) As with the alleged search of the vehicle, this was reasonable. "A traffic stop is similar to an investigative

detention and is thus governed by the principles set forth in *Terry v. Ohio*." *United States v. Finke*, 85 F.3d 1275, 1278 (7th Cir. 1996) (citations omitted). In *Terry*, the United States Supreme Court determined a brief stop and superficial search does not require probable cause, but merely a reasonable, articulable suspicion of wrongdoing. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). An investigatory stop may be conducted when a police officer has a "reasonable suspicion supported by articulable facts that criminal activity is afoot." *Jackson*, 300 F.3d at 745.

Police officers may take reasonable steps to insure their own safety, including a pat-down of the suspect's clothing. *Id.* at 746. An officer may also order a suspect to exit a vehicle. *United States v. Hendricks*, 319 F.3d 993, 1004 (7th Cir. 2003). "The permissible scope of a Terry stop has expanded in recent years to include the use of handcuffs and temporary detentions in squad cars." *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004) (citing *United States v. Tilmon*, 19 F.3d 1221, 1224-25 (7th Cir. 1994)).

Here, Sergeant Burton stopped Martin's car for speeding. (Cline Aff. ¶ 4.) Sgt. Burton requested a squad car with a prisoner cage to transport a male subject. *Id.* Sgt. Burton told Officer Cline that the male subject had assaulted police officers in the past. *Id.* Officer Cline was also advised that Martin was driving while suspended/misdemeanor. *(Id. ¶ 5; see also* Affidavit

for Probable Cause, DE #87-2, attesting that "a check of Martin's driving status through the Indiana DMV showed him to be driving while suspended (misdemeanor)"). After Officer Klein and Officer Cline approached Martin's vehicle, Officer Klein ordered Martin to exit the vehicle because he was going to be arrested. (Cline Aff. ¶ 6.) Martin looked upset and was argumentative. *Id.* Therefore, it was reasonable for the officers to conduct a pat-down of Martin to ensure officer safety. Summary judgment is appropriate on this claim.

## Unlawful Detainment, False Imprisonment, and Malicious Prosecution Claims

Martin alleges he was unlawfully detained, falsely imprisoned, and maliciously prosecuted. In his affidavit, he states he was not speeding or committing any crime that day. (DE #90, p. 25, ¶ 7.) Additionally, in his memorandum in opposition to the motion for summary judgment, he argues (without evidentiary support), that he was "stopped over 30 times within a 60 day period, and most of the 'stops' involved the same officers." (DE #90, p. 4.) "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause exists when an officer reasonably believes, in light of he facts and

circumstances within his knowledge at the time of the arrest, that the suspect has committed, or is committing, an offense. *Id.* Courts evaluate probable cause based on the facts "as they would have appeared to a reasonable person in the position of the *arresting officer* – seeing what he saw, hearing what he heard." *United States v. Parra*, 402 F.3d 752, 764 (7th Cir. 2005) (emphasis in original) (quoting *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992)). In determining whether probable cause exists, the actual motives of the arresting officers are irrelevant; the question is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him. *Scott v. United States*, 436 U.S. 128, 138 (1978).

Here, Martin was arrested for driving while suspended/misdemeanor. Indiana Code 9-24-19-3 states:

> A person who operates a motor vehicle upon a highway when the person knows that the person's driving privilege, license, or permit is suspended or revoked, when the person's suspension or revocation was a result of the person's conviction of an offense (as defined in IC 35-31.5-2-253) commits a Class A misdemeanor.

Indiana Code 9-24-19-3. Although Martin claims he had a valid drivers license and was not speeding, he attached as exhibits his tickets indicating he was pulled over for "driving while suspended misdemeanor" and "speeding 45 mph in a 30 mph zone." (DE #90, Pl.'s Exs. 3 and 4.) Martin claims the "criminal charges were

later dismissed in favor of me," and he attached an "Information for Plea Agreement" that says "Defendant referred to IDP on Ct 2 state moves to dismiss Ct 1" and a chronological case summary that seems to indicate that the charge in Count 1 was operating while suspended (misdemeanor) and Count 2 was speeding. (DE #90, Pl.'s Exs. 1 and 5.) However, this Court has no information in front of it regarding why Count 1 was dismissed, and Defendants fail to address this point. Even assuming, *arguendo*, that Count 1 for driving on a suspended license was dismissed for lack of evidence, or that Martin provided proof that his license was valid (and there is no evidence as to why the Count was dismissed in the record), probable cause still existed for the officers to arrest Martin. There is evidence that Sgt. Martin initiated the traffic stop because he saw Martin speeding and that he passed several cars on the right. (DE #87-2.) A check of Martin's driving status through the Indiana Bureau of Motor Vehicles showed Martin to be driving while suspended/misdemeanor, and Office Cline was advised of this information when he arrived at the traffic stop. Martin has set forth no contrary evidence about the computer check or shown any material disputed fact. Rather, it is uncontested that the computer indicated Martin was driving while suspended. Based upon these facts, a reasonable officer would have believed there was probable cause to arrest Martin. Because there was probable cause for his arrest, summary judgment is appropriate on the claims for unlawful

detainment and false imprisonment.

As to Martin's claim for malicious prosecution, this also fails. To the extent he asserts a malicious prosecution claim under Section 1983, Defendants are correct that a plaintiff "must do more than merely claim that they arrested and detained him without probable cause." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 901 (7th Cir. 2001). For example, the plaintiff "must allege that the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence." *Id.* Martin has shown no such evidence of any alleged improper acts following his arrest. He does argue in his memorandum that Defendants "made knowingly false reports to the prosecutors and withheld exculpatory evidence that could have cleared plaintiff." (DE #90, pp. 10.) However, at this stage of the proceedings, Martin needs to do more. *See, e.g., Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (a party opposing summary judgment cannot merely rely on allegations in pleadings, but must present the court will evidence to prove his case). Consequently, this claim fails and summary judgment is appropriate.

To the extent Martin is asserting a claim for malicious prosecution under state law, this also fails. The Indiana Tort

Claims Act grants immunity to police officers in actions for malicious prosecution. *See Livingston v. Consolidated City of Indianapolis*, 398 N.E.2d 1302, 1306 (Ind. Ct. App. 1979).

## 8th Amendment

Martin claims that his Eighth Amendment rights were violated when Officer Cline tased him and did not provide adequate medical care. The Eighth Amendment protects a sentenced prisoner from the infliction of cruel and unusual punishment. *Lewis*, 581 F.3d at 473. Although pretrial detainees have not been convicted or sentenced, are not yet "punishable" under the law, and may not be punished in any way by the state, they can couch their excessive force claims as violations of their Fourteenth Amendment rights to due process. *Id.*

The evidence before the Court shows that Martin was neither a pretrial detainee nor a sentenced prisoner at the time Martin alleges Officer Cline tased him. Consequently, summary judgment is appropriate on Martin's cruel and unusual punishment claims.

## 14th Amendment

Martin argues in his memorandum that Defendants violated his 14th Amendment rights when "defendants 'deprive' plaintiff his

Equal Protection safeguards and Due Process Clause" and he contends he was "stopped over 30 times with in a 60 day period, in the same fashion, by the same officers or within the 'group' of the same officers committing the 'wrong acts.'" However, he has presented no admissible evidence to the Court in support of these bald allegations, which are simply insufficient. *See, e.g., Smith v. City of Joliet*, 965 F.2d 235 (7th Cir. 1992) (plaintiff's bald allegations regarding alleged use of excessive force insufficient to show unconstitutional city policy or custom).

As discussed earlier in this opinion, the Fourth Amendment objective reasonableness standard applies to excessive force cases involving searches or seizures. *Aldini v. Johnson*, 609 F.3d 858 (6th Cir. 2010). It is only where there is no search or seizure that the 14th Amendment's due process clause applies. *Darrah v. City of Oak Park*, 255 F.3d 301, 305-06 (6th Cir. 2001). Under the Fourteenth Amendment, the heightened inquiry for a substantive due process claim is whether the officer's conduct shocked the conscience. *Schaefer v. Goch*, 153 F.3d 793, 798 (7th Cir. 1998). This case should not be analyzed under the 14th Amendment rubric since there was a search and seizure, but even if it was, and even considering Martin's affidavit and assuming, *arguendo*, that Officer Cline did indeed tase him once, the Court does not believe that rises to the level of shocking the conscience.

In this case, Defendants argue that the City of Fort Wayne is entitled to summary judgment because Plaintiffs cannot prove that the City of Fort Wayne acted pursuant to an unconstitutional custom, policy, or practice, as required by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). When a plaintiff brings suit against a municipality under section 1983, the plaintiff must allege the existence of an unconstitutional policy or custom of the municipality in order to survive summary judgment. *St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) ("[local] governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); *see also Monell*, 436 U.S. at 690-91. A municipality cannot incur liability in an action under section 1983 merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. Municipal liability under section 1983 is limited. In *Monell*, the Supreme Court restricted liability to cases in which "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated" by that body's officers. *Id.* at 690. A plaintiff seeking to find a municipality liable under section 1983 must also establish a causal nexus between his injury and the municipality's alleged policy or custom. *Id.* at 693-94.

31

Martin claims that the "Fort Wayne Police Dept. Policy #PD97-2401 and PD2407 'Use of Force policy and a Stop and Frisk policy I.C. 35-33-1-1,' that is unconstitutional and are the 'reasons' or justification of the acts of its employees taken pursuant to the 'official policy' or custom." (DE #90, p. 12.) Martin fails to specifically set forth why these policies are allegedly unconstitutional, and he sets forth no facts whatsoever regarding the alleged policies and their application. He has failed to offer any facts to demonstrate a genuine issue of material fact that the City of Fort Wayne had a policy of allowing illegal stop and frisks or sanctioning repeated unnecessary detainment of certain individuals. In fact, the record is void of any evidence that the City customarily or habitually stopped certain individuals (including Martin). Although he alleges he was stopped over 30 times within a 60 day period, there are no facts in the record to support this. Moreover, Plaintiff has set forth no evidence showing the alleged policy, practice or custom caused his alleged constitutional deprivation. *See, e.g., Cook v. Lain*, No. 2:10-CV-411-PRC, 2013 WL 866876, at *14 (N.D. Ind. Mar. 7, 2013) (granting summary judgment in favor of sheriff defendant where plaintiff offered no evidence of express policy or custom, or that it caused the alleged constitutional deprivation). As such, the Court grants summary judgment in favor of Defendant, the City of Fort Wayne.

Martin has included Fort Wayne Police Chief Russell York and the City of Fort Wayne Mayor Tom Henry as Defendants.[3]  Individual liability under 42 U.S.C. § 1983 must be based upon a finding that the defendant caused the alleged constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003).  Yet the amended complaint does not set forth any allegations that either Chief York or Mayor Henry were personally involved in any alleged constitutional deprivation.  In his memorandum in opposition, Martin claims that Chief York and Mayor Henry "failed to take corrective action," ""failed to train," and failed to "implement meaningful procedures to discourage 'lawless' official conduct." (DE #90, #13.)  Additionally, he claims that Chief York and Mayor Henry are "aware of the 'challenged' policy or custom, due to numerous complaints filed with the Internal Affairs and Metro Human Relations (Risk Management), but have not taken the proper care nor concern."  *Id.*  Yet, Martin has not presented the Court any evidence in support of these bare assertions.  Mere allegations in a complaint and unsupported assertions in a response brief need not be considered by the Court as evidence at the summary judgment

---

[3] Martin argues in his opposition memorandum that "the Fort Wayne Police Department should not be dismissed as a matter of law." (DE #90, p. 14.)  The ship has sailed on this argument - the Court already dismissed Defendant, Fort Wayne Police Department in an order dated January 26, 2012 (DE #18).  Martin presents no legal authority as to why this should be revisited or overturned, and the Court is not aware of any.

stage. See *Tibbs v. City of Chicago*, 469 F.3d 661, 663 n.2 (7th Cir. 2006) (stating mere allegations of a complaint are not evidence, and contentions must be supported with citations to admissible evidence at the summary judgment stage); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quotation omitted) ("summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."); *Martin v. Fort Wayne Police Dep't*, No. 1:11-CV-348 RM, 2013 WL 310298, at *3 (N.D. Ind. Jan. 25, 2013) (granting summary judgment "where [same plaintiff] hasn't presented any evidence identifying any action, policy, or custom that would support a claim against the City of Fort Wayne, the Police Department, Mayor Henry or Police Chief York" finding he "can't rest upon the allegations in his original and amended complaints, and had to present evidence in an admissible form that, if believed, would support judgment in his favor.").

The amended complaint does not set forth allegations that either Chief York or Mayor Henry could be liable as supervisors. For a supervisor to be liable for a constitutional deprivation, "the supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Again, Martin's speculative assertion in his response

34

memorandum that both Chief York and Mayor Henry were "aware" of the alleged challenged policy or custom and that they failed to take corrective action, is completely unsupported by any admissible evidence in the record.

Finally, if Martin was suing Chief York and Mayor Henry in their official capacity, his claims still fail because Martin has not put forth any evidence that either of them implemented an official policy or acquiesced in a department or city custom that caused the alleged constitutional deprivation. *Monell*, 436 U.S. at 692-94. As such, summary judgment is granted in favor of Defendants on the claims against Chief York and Mayor Henry.


Claims Against Unknown Officers

Martin has not presented any evidence about any actions by "unknown officers" which entitled him to relief, and he cannot go to trial against "unknown officers." *See Martin*, 2013 WL 310298, at *3 (quoting *Copeland v. Northwestern Mem'l Hosp.*, 964 F. Supp. 1225, 1234 (N.D. Ill. 1997) ("Claims against unknown persons are 'meaningless and uncompensable.'"). As such, summary judgment is warranted on the claims against the unknown officers.


Claim for Punitive Damages

Plaintiff's prayer for relief includes a request for punitive

damages. Defendants contend summary judgment is appropriate on the claim for punitive damages against the Fort Wayne police officers and against the City of Fort Wayne. With regard to the Fort Wayne police officers, Defendants argue that punitive damages may be assessed only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others," *Merrit v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983)(quotation omitted), and Martin has provided no such evidence in support of the claim. While Martin claims in his amended complaint that the officers harassed him and acted in a vindictive behavior (DE #11, p. 2), Martin has simply failed to put forth any evidence whatsoever that the officers had an evil motive or intent. "A scintilla of evidence in support of the nonmovant's position is insufficient to successfully oppose summary judgment." *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). As we have said before, summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson*, 325 F.3d at 901. Moreover, a party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in his or her own pleading, but rather "must marshal and present the court with the evidence she contends will prove her case." *Goodman*, 621 F.3d at 654.

As to the claim for punitive damages against the City of Fort Wayne, a municipality is entitled to absolute immunity from punitive damages liability. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-65 (1981); *see also Hamm v. City of Fort Wayne*, No. F 83-299, 1984 WL 2856, at *1 (N.D. Ind. Apr. 11, 1984) (finding City of Fort Wayne cannot be held liable for punitive damages).

State Law Claims

In his amended complaint, Plaintiff sets forth state claims, alleging Defendants harassed him and were vindictive, they retaliated against him, and are responsible for defamation, mental stress and mental anguish. (DE #11, p. 2.) Defendants contend that Martin's state law claims are barred for failure to comply with the notice provisions of the Indiana Tort Claims Act ("ITCA").

The ITCA provides that a claim against a political subdivision is barred unless the prescribed notice is filed within 180 days after the loss occurs. Ind. Code 34-13-3-8; *see also Davidson v. Perron*, 716 N.E.2d 29, 33-34 (Ind. Ct. App. 1999). Specifically, notice must be filed: (1) with the governing body of that political subdivision; and 2) the Indiana Political Subdivision Risk Management Commission. Ind. Code 34-13-3-8. "The notice requirements of the ITCA apply not only to suits against political

subdivisions but also to suits against employees of political subdivision." *Davidson*, 716 N.E.2d at 33-34 (citing *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992)). The claimant bears the burden of establishing substantial compliance with the notice provisions and it is a question of law. *Chang v. Purdue Univ.*, 985 N.E.2d 35, 52 (Ind. Ct. App. 2013).

"Substantial compliance with the statutory notice requirements is sufficient when the purpose of the notice requirement is satisfied." *Schoettmer v. Wright*, 992 N.E.2d 702, 707 (Ind. 2013) (quoting *Ind. State Highway Comm'n v. Morris*, 528 N.E.2d 468, 471 (Ind. 1988)). "The purposes of the notice statute include informing the officials of the political subdivision with reasonable certainty of the accident and surrounding circumstances so that the political subdivision may investigate, determine its possible liability, and prepare a defense to the claim." *Id.* "The crucial consideration is whether the notice supplied by the claimant of his intent to take legal action contains sufficient information for the city to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense." *Id.* (quoting *Collier v. Prater*, 544 N.E.2d 497, 500 (Ind. 1989)).

In this case, Martin filed a "Notice to Inform the Court Proof of Compliance 'ITCA' Requirements (Plaintiff's State Claims Notice)" on June 13, 2013. (DE #91.) Martin attached a letter

sent from the Indiana Political Subdivision Risk Management Commission to Martin, dated January 5, 2012, and stating in pertinent part:

> This letter shall serve as formal notice and acknowledgment of our receipt of the Notice of Tort Claim you recently filed against the Fort Wayne Police Department. . . . The Commission can only suggest that you file your claim directly with the Fort Wayne Police Department.

(DE #91, p. 2.)

Because Defendants have raised the defense of failure to comply with the notice requirements, the burden is on Martin to prove compliance with the ITCA notice provisions. *Hedges v. Rawley*, 419 N.E.2d 224, 227 (Ind. Ct. App. 1981). Here, the letter submitted by Martin is from the Indiana Political Subdivision Risk Management Commission, and it is dated January 5, 2012. The date of the letter is much more than 180 days after the alleged incident on July 13, 2010, and Martin has not otherwise showed that he filed notice of his tort claim within 180 days of July 13, 2010. Additionally, the letter does not reference this alleged incident, and there is no indication that it related to the events underlying the current lawsuit. As such, Martin has failed to carry his burden of showing substantial compliance with the ITCA mandatory notice provision and summary judgment is proper as to the Defendants on the state claims. *See, e.g., Dameron v. City of Scottsburg, Ind.*, 36 F.Supp.2d 821, 836-39 (S.D. Ind. 1998)

(granting summary judgment in part where plaintiff's state claim was barred for failure to file proper notice under ITCA).

<u>CONCLUSION</u>

For the reasons set forth above, the Motion for Summary Judgment (DE #87) is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is **GRANTED** in favor of Defendants on the following claims: alleged violation of First Amendment rights; failure to intervene; alleged unlawful search of the vehicle; alleged illegal search of Martin's person; unlawful detainment, false imprisonment, and malicious prosecution; alleged violation of Eighth Amendment rights; alleged violation of Fourteenth Amendment rights; the 1983 claim against Defendant the City of Fort Wayne; the claims against Defendant Fort Wayne Police Chief Russell York and Defendant City of Fort Wayne Mayor Tom Henry; the claims against unknown officers; the claim for punitive damages; and the state law claims. Summary judgment is **DENIED** as to Plaintiff's claim of excessive force in violation of his Fourth Amendment Rights and that claim remains pending against Defendant Officer Matthew Cline.

Plaintiff's Motion to Strike Defendants Summary Judgment and Affidavits (DE #92) is **DENIED**. Defendants' Motion to Strike Portions of Martin's Affidavit (DE #94) is **also DENIED**.

40

DATED: March 17, 2014                  /s/ RUDY LOZANO, Judge
                                         United States District Court